IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIPPE HOLLAND<br>553 Millbank Road<br>Upper Darby, PA 19082<br><br>     Plaintiff,<br> v.<br><br>MITCHELL FARRELL<br>18th District Headquarters<br>55th Street and Pine Street<br>Philadelphia, PA 19143<br><br>     and<br><br>KEVIN HANVEY<br>18th District Headquarters<br>55th Street and Pine Street<br>Philadelphia, PA 19143<br><br>     and<br><br>CITY OF PHILADELPHIA<br>c/o City Solicitor's Office<br>1600 Arch Street<br>Philadelphia, PA 19103<br><br>     Defendants. | **FILED PURSUANT TO**<br>**28 U.S.C. §§ 1331, 1391 AND**<br>**LOCAL CIVIL RULE 5.1.2**<br><br>CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

  Plaintiff, Philippe Holland, by and through his attorneys, Kline & Specter, P.C., alleges as follows:

### PARTIES

  1. Plaintiff, Philippe Holland, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 553 Millbank Road, Upper Darby, Pennsylvania 19082.

  2. Defendant, Mitchell Farrell, is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 55th and Pine Streets, Philadelphia, Pennsylvania

19143. Defendant Mitchell Farrell ("Farrell") is a police officer with the Philadelphia Police Department. At all times relevant hereto, Farrell was a Philadelphia police officer assigned to the 18th Police District and an employee of the City of Philadelphia.

3. Defendant, Kevin Hanvey, is an adult person and resident of the Commonwealth of Pennsylvania with a business address at 55th and Pine Streets, Philadelphia, PA 19143. Defendant Kevin Hanvey ("Hanvey") is a police officer with the Philadelphia Police Department. At all times relevant hereto, Hanvey was a Philadelphia police officer assigned to the 18th Police District and an employee of the City of Philadelphia.

4. Defendant, City of Philadelphia, is a city, political subdivision, governmental entity and municipality in the Commonwealth of Pennsylvania, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at City Hall, c/o City Solicitor's Office, 1600 Arch Street, Philadelphia, Pennsylvania 19103.

5. At all times material hereto, Defendant, City of Philadelphia, has owned, operated, maintained, was responsible for, and/or otherwise controlled the 18th Police District.

6. At all times material hereto, Defendant, City of Philadelphia, provided police services to the City and County of Philadelphia.

**JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under The Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, or transact business in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

events or omissions giving rise to the claim occurred in this District.

## MATERIAL FACTS

10. At all times material hereto, Defendant, City of Philadelphia, was responsible for adopting and enforcing rules, policies and directives regarding the conduct and deportment of members of the Philadelphia Police Department.

11. At all times material hereto, Defendant, City of Philadelphia's written policies provided that only the minimal amount of force necessary to protect human life should be used by all police officers.

12. At all times material hereto, Defendant, City of Philadelphia's written policies provided that police officers will exhaust all reasonable means of apprehension and control before resorting to the use of deadly force.

13. At all times material hereto, Defendant, City of Philadelphia's written policies provided that deadly force will be used only as a last resort.

14. At all times material hereto, Defendant, City of Philadelphia's written policies provided that police officers shall not use deadly force against another person, unless they reasonably believe they must protect themselves or another person present from imminent death or serious bodily injury.

15. At all times material hereto, Defendant, City of Philadelphia's written policies provided that police officers shall not discharge their firearms at or from a moving vehicle unless the officers are being fired upon by the occupants of the vehicle or the vehicle is being used to actively and intentionally assault the officers.

16. At all times material hereto, Defendant, City of Philadelphia's written policies provided that police officers should ensure their actions do not precipitate the use of deadly force

by placing themselves or others in jeopardy by taking unnecessary, overly aggressive, or improper actions.

17. On April 22, 2014, Plaintiff was employed as a delivery person for Slices & More Pizzeria and Grill ("Slices & More") located at 6932 Market Street, Upper Darby, Pennsylvania 19082.

18. On April 22, 2014, at or around 2140 hours, Plaintiff left Slices & More to make a delivery to 5109 Willows Avenue, Philadelphia, Pennsylvania 19143. Plaintiff was dressed in a black button down shirt, a black hooded sweatshirt, black jeans and black canvas sneakers.

19. Before making the delivery to 5109 Willows Avenue, Plaintiff parked his 2001 gold Ford Taurus behind another vehicle on the south side of Willows Avenue facing the intersection of Willows Avenue and 51st Street.

20. On April 22, 2014, Farrell and Hanvey were on duty assigned to the 18th Police District. Farrell and Hanvey were dressed in street clothes or "plainclothes" rather than in police uniform (hereinafter "plainclothes"); they were also operating an unmarked vehicle.

21. According to police paperwork, at or around 2152 hours, Farrell and Hanvey were in the area of 900 S. 51st Street where they had conducted a car stop. At all times relevant hereto, 900 S. 51st Street was in the 12th Police District. Upon information and belief, it is improper and against Police Department policy for an officer to perform regular police duties outside of the district to which he is assigned.

22. While Farrell and Hanvey were at that location, gunshots were fired some blocks away, in the area of 51st Street and Baltimore Avenue. In response, Farrell and Hanvey proceeded in the direction of 51st Street and Baltimore Avenue. According to police paperwork, a report of gunshots in the area of 51st Street and Baltimore Avenue was also broadcast over

police radio. No descriptions of the exact location or the alleged shooter(s) were provided, including height, weight, race, age, gender, clothing or direction of travel.

23. After completing the delivery to 5109 Willows Avenue, Plaintiff returned to his car. At that time, Plaintiff noticed a vehicle driving in a suspicious manner in the intersection of Willows Avenue and 51st Street. The car stopped and Farrell and Hanvey exited the vehicle. Plaintiff could not make out Farrell or Hanvey's features or identities as police officers.

24. Fearing he might be the target of an impending robbery, Plaintiff entered his car from the passenger side to conceal himself from the oncoming men. As Plaintiff slid into the driver's seat Farrell and Hanvey came into view. Neither Farrell nor Hanvey identified himself as a police officer or displayed a police badge.

25. Hanvey approached Plaintiff's car from the sidewalk on the passenger side and shone a flashlight in the direction of Plaintiff's face. Farrell approached Plaintiff's car from the street on the driver's side with his firearm drawn. Fearing an impending assault, Plaintiff placed his car into reverse. As soon as Plaintiff put his car into drive in an effort to exit the parking spot, Farrell and Hanvey fired their weapons into Plaintiff's moving vehicle.

26. At no time did Plaintiff's car make contact with either Farrell or Hanvey or intend any such contact.

27. At no time did Plaintiff's car serve as a means to actively or intentionally assault either officer.

28. According to police paperwork, Farrell shot eight (8) rounds into Plaintiff's moving vehicle and Hanvey fired six (6) rounds into Plaintiff's moving vehicle. Plaintiff sustained multiple gunshot wounds to the head, face and leg and lost control of the car, which crashed into a fence on the northeast side of Willows Avenue.

5

29. By this time additional uniformed police officers had arrived at the scene. Two uniformed officers attempted to remove Plaintiff from his car. Unaware that Farrell and Hanvey were police officers, Plaintiff attempted to report the shooting to the officers. Plaintiff was handcuffed and placed in the back of a police vehicle. Plaintiff was then transported by police to the Hospital of the University of Pennsylvania for treatment of his multiple gunshot wounds.

30. Neither Farrell nor Hanvey sustained any injuries.

31. Plaintiff was admitted to the Hospital of the University of Pennsylvania in critical condition and was treated for life-threatening injuries resulting from multiple gunshot wounds to the right thigh and left medial supraorbital ridge, including, but not limited to, right superficial femoral artery injury; right leg compartment syndrome; bilateral subdural hematomas; bilateral sinus fractures; complex nasal fractures; projection of bony fragments into orbitofrontal region; hypoxemia; acute respiratory failure; acute pain; acute blood loss; weakness; numbness; impaired balance, strength and coordination; loss or impairment of vision; photophobia; seizures and post-traumatic stress disorder.

32. The conduct of Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, directly and proximately caused the injuries and damages suffered by Plaintiff, Philippe Holland, and were in no manner whatsoever due to any acts or omissions of Plaintiff.

33. The unreasonable and unjustifiable actions and conduct of Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, were substantial factors in causing the injuries sustained by Plaintiff, Philippe Holland.

34. By unreasonable and unjustifiable conduct, Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, caused Plaintiff, Philippe Holland, serious bodily injury and extreme emotional distress.

35. As a direct and proximate result of the unreasonable and unjustifiable actions and conduct of Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, Plaintiff, Philippe Holland:

    a) has suffered injuries that have precluded him, and will continue in the future to preclude him, from fully enjoying the ordinary pleasures of life and participating in his ordinary activities and avocations;

    b) has undergone, and will continue in the future to undergo, multiple surgeries and treatments for his injuries, some or all of which may be permanent in nature, including intubation, mechanical ventilation, right superficial femoral artery interposition graft, four compartment fasciotomy and closure, vacuum-assisted closure, reduction of nasal fractures, deep vein thrombosis (DVT) prophylaxis, stress ulcer prophylaxis and right leg stent placement;

    c) has suffered, and will continue in the future to suffer, pain, suffering, agony, anxiety, mental anguish, depression, disability, mental disturbances, bodily deformation, embarrassment, humiliation, loss of life's pleasures, loss of well-being and other such intangible losses, some or all of which may be permanent in nature;

    d) has incurred in the past, and will continue to incur in the future, substantial medical and medically-related expenses including, but not limited to, expenditures for medical attention, medications, hospitalizations, medical and surgical care, testing, physical therapy, occupational therapy, rehabilitative care, equipment, and other care and treatment to attempt to

    treat and alleviate, minimize or cure him of the aforementioned injuries; and

e) has suffered in the past, and will continue in the future to suffer a loss of depreciation of earnings and earning capacity, to his great detriment and loss.

### COUNT I – CIVIL RIGHTS

**Plaintiff, Philippe Holland v.
Defendant Mitchell Farrell, Defendant Kevin Hanvey and Defendant City of Philadelphia**

36. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

37. Defendant, City of Philadelphia is a municipal entity that is subject to suit pursuant to 42 U.S.C. § 1983.

38. Defendant, City of Philadelphia's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

39. Defendant, Mitchell Farrell's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

40. Defendant, Kevin Hanvey's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq.* or 42 Pa.C.S. § 8521, *et seq.*

41. At all times material hereto, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia acted under color of state law.

42. Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia violated Plaintiff's Fourth Amendment right to be secure against unreasonable searches and seizures.

43. At all times material hereto, Farrell and Hanvey lacked probable cause or reasonable suspicion that Plaintiff was or had been engaged in criminal activity to justify any

stop, detainment and/or seizure of Plaintiff.

44. At all times material hereto, Defendants knew that Plaintiff's right to be secure against unreasonable searches and seizures was a clearly established constitutional right.

45. At all times material hereto, Plaintiff posed no actual or imminent threat of death and/or serious bodily injury to pedestrians, other civilian motorists, Defendant Farrell, Defendant Hanvey, or other police officers.

46. Nonetheless, Farrell and Hanvey unreasonably and unjustifiably restricted Plaintiff's ability to leave at his will by brandishing weapons and by the excessive use of deadly force.

47. As a direct and proximate result of Farrell and Hanvey's unreasonable, unjustifiable and unconstitutional conduct, Plaintiff was caused to suffer the injuries described in Paragraph 35 of Plaintiff's Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

### COUNT II – CIVIL RIGHTS

#### Plaintiff, Philippe Holland v. Defendant City of Philadelphia

48. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

49. The conduct as set forth above and herein evinces the excessive and unreasonable

use of deadly force in violation of Plaintiff, Phillippe Holland's Fourth Amendment rights.

50. The conduct as set forth above and herein demonstrates that Defendant, City of Philadelphia, failed to properly train police officers on the use of deadly force; the excessive use of deadly force; the identification of an actual or imminent threat of death or serious bodily injury; interactions between plainclothes police officers and civilians; the identification of plainclothes police officers as members of the Philadelphia Police Department; and probable cause and reasonable suspicion to stop, detain or seize a citizen that deprived Plaintiff, Philippe Holland, of his constitutional rights.

51. The conduct set forth above indicates that Defendant, City of Philadelphia failed to enforce the Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom regarding the use of deadly force that differed and/or was contrary to the Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom that authorized and/or sanctioned officers to not follow the Police Department's written policies regarding the use of deadly force that deprived Plaintiff, Philippe Holland, of his constitutional rights.

52. The conduct set forth above indicates that Defendant, City of Philadelphia, had inappropriate policies, procedures, customs and practices with respect to the use of deadly force; the excessive use of deadly force; the identification of an actual or imminent threat of death or serious bodily injury; interactions between plainclothes police officers and civilians; the identification of plainclothes police officers as members of the Philadelphia Police Department; and probable cause and reasonable suspicion to stop, detain or seize a citizen that deprived Plaintiff, Philippe Holland, of his constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants, Mitchell Farrell, Kevin

Hanvey and the City of Philadelphia, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

### COUNT III – CIVIL RIGHTS

**Plaintiff, Philippe Holland v.
Defendant Mitchell Farrell, Defendant Kevin Hanvey and Defendant City of Philadelphia**

53. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

54. Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia violated Plaintiff's Fourteenth Amendment right to bodily integrity and freedom from physical restraint.

55. Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia knew that Plaintiff's right to bodily integrity and freedom from physical restraint was a clearly established constitutional right.

56. The conduct as set forth above and herein demonstrates that the harm caused to Plaintiff was a foreseeable and fairly direct result of Defendants' conduct.

57. The conduct as set forth above and herein demonstrates that Defendants' acted with deliberate indifference and conscious disregard of the great risk of serious harm to Plaintiff.

58. The conduct as set forth above and herein was so egregious as to shock the conscience.

59. The conduct as set forth above and herein demonstrates that Defendants unreasonably and unjustifiably targeted Plaintiff and placed him in a foreseeably dangerous position.

60. The conduct as set forth above and herein demonstrates that Defendants' conduct affirmatively created an opportunity that otherwise would not have existed for harm to Plaintiff to occur.

61. As a direct and proximate result of Farrell and Hanvey's deliberately indifferent and conscious-shocking conduct, Plaintiff was caused to suffer the injuries described in Paragraph 35 of Plaintiff's Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT IV – CIVIL RIGHTS

### Plaintiff, Philippe Holland v. Defendant City of Philadelphia

62. The preceding paragraphs and allegations stated above are incorporated by reference as though fully set forth herein.

63. The conduct as set forth above and herein evinces a state-created danger in violation of Plaintiff, Philippe Holland's Fourteenth Amendment rights.

64. The conduct as set forth above and herein demonstrates that Defendant, City of Philadelphia, failed to properly train police officers on the use of deadly force; the excessive use of deadly force; the identification of an actual or imminent threat of death or serious bodily injury; interactions between plainclothes police officers and civilians; the identification of plainclothes police officers as members of the Philadelphia Police Department; and probable cause and reasonable suspicion to stop, detain or seize a citizen that deprived Plaintiff, Philippe Holland, of his constitutional rights.

65. The conduct set forth above indicates that Defendant, City of Philadelphia failed to enforce the Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom regarding the use of deadly force that differed and/or was contrary to the Police Department's written policies regarding the use of deadly force and/or had an unwritten policy or custom that authorized and/or sanctioned officers to not follow the Police Department's written policies regarding the use of deadly force that deprived Plaintiff, Philippe Holland, of his constitutional rights.

66. The conduct set forth above indicates that Defendant, City of Philadelphia, had inappropriate policies, procedures, customs and practices with respect to the use of deadly force; the excessive use of deadly force; the identification of an actual or imminent threat of death or

serious bodily injury; interactions between plainclothes police officers and civilians; the identification of plainclothes police officers as members of the Philadelphia Police Department; and probable cause and reasonable suspicion to stop, detain or seize a citizen that deprived Plaintiff, Philippe Holland, of his constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants, Mitchell Farrell, Kevin Hanvey and the City of Philadelphia, and compensatory damages, jointly and severally, together with attorney fees and costs, and pre- and post-judgment interest. Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of Plaintiff's claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiff's claim alleges a violation of rights secured by the U.S. Constitution.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against all Defendants for damages to be determined at trial, and for all other and further relief as the Court may deem just and equitable.

Dated: 4/21/16

KLINE & SPECTER, P.C.

BY: _____
THOMAS R. KLINE, ESQUIRE
DOMINIC C. GUERRINI, ESQUIRE
TRACIE L. PALMER, ESQUIRE
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000
Tom.Kline@KlineSpecter.com
Dominic.Guerrini@KlineSpecter.com
Tracie.Palmer@KlineSpecter.com
*Attorneys for Plaintiff*